UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 21-4902-JFW(KSx)** | Date: August 12, 2021 |
| Title: | Estate of James R. Jenkins, et al. -v- Beverly Hills Senior Care Facility, Inc., et al. | |

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**      ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND [filed 7/16/2021; Docket No. 21]

On July 16, 2021, Plaintiffs Estate of James R. Jenkins, by and through its Successor-in-Interest Troy Jenkins, and Troy Jenkins (collectively, "Plaintiffs") filed a Motion for Remand. On July 26, 2021, Defendants Beverly Hills Senior Care Facility, Inc., Beverly Hills Terrace, LLC, and Garfield Terrace, LLC (collectively, "Defendants") filed their Opposition. On August 2, 2021, Plaintiffs filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 16, 2021 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

**A.    Factual and Procedural Background**

On May 6, 2021, Plaintiffs filed a Complaint against Defendants in Los Angeles County Superior Court, alleging claims for: (1) Elder Abuse and Neglect (California Welfare & Institutions Code §§ 15600, *et seq.*); (2) negligence/negligence per se; (3) wrongful death; and (4) fraud. In their Complaint, Plaintiffs allege that James R. Jenkins (the "Decedent") was a resident of Beverly Hills Garden Care Center, a residential care facility for the elderly (the "Facility"). Plaintiffs allege that the Facility and Defendants provided Decedent with "substandard care and supervision with respect to his nourishment and general treatment" and failed to "take the most basic precautions to protect residents from COVID-19," including by: "failing to provide adequate personal protective equipment (PPE)"; failing to wear and/or incorrectly wearing PPE"; "failing to test residents and/or staff for COVID-19, despite the availability and feasibility of regular testing"; "failing to isolate staff

and/or residents who were exposed and/or contracted COVID-19 (including but not limited to Decedent's roommate)"; and "failing to inform residents and/or their representatives or families that there was exposure to COVID-19 at the [Facility]." Complaint ¶¶ 16, 20, 41. Plaintiffs allege that, as a result of Defendants' neglect, Decedent developed a fever, urinary tract infection, pneumonia, and major depressive disorder as well as contracted COVID-19, all of which contributed to his death. Complaint ¶ 41.

On June 16, 2021, Defendants filed a Notice of Removal, alleging that this Court has jurisdiction on the grounds that: (1) Plaintiffs' claims are completely preempted by the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247-6d and 247-6e; (2) the action raises a substantial and important federal issue, citing *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005); and (3) removal is proper under the federal officer statute (28 U.S.C. § 1442(a)(1)) because Defendants were acting under the direction of a federal officer when they engaged in the allegedly tortious conduct. Plaintiffs challenge the removal of this action and move to remand.

    **B.**    **The PREP Act**

Passed in 2005, the PREP Act authorizes the Secretary of Health and Human Services ("HHS") to issue a declaration determining that "a disease or other health condition or other threat to health constitutes a public health emergency." 42 U.S.C. § 247d-6d(b). If applicable, the PREP Act provides immunity from liability for "all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure."[1] 42 U.S.C. § 247d-6d(a)(1). If immunity applies, the injured person or their survivors may seek compensation from the Countermeasures Injury Compensation Program – a regulatory program that provides reimbursement for some losses associated with the use of covered countermeasures. 42 U.S.C. § 247d-6e. The only exception to the Act's immunity is when the injury occurs through willful misconduct. In these instances, the PREP Act provides procedural rules that govern the injured person's claim. 42 U.S.C. § 247d-6d(d). For example, they must file in the U.S. District Court for the District of Columbia and the burden of proof is clear and convincing evidence. *Id.*; 42 U.S.C. § 247d-6d(c).

On March 10, 2020, the HHS Secretary issued a Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 ("March 10, 2020 Declaration"), which declared the COVID-19 pandemic a public health emergency under the PREP Act. 85 Fed. Reg. 15198-01. On December 3, 2020, the HHS Secretary issued a Fourth Amendment to his March 10, 2020 Declaration (the "Fourth Amendment").[2] 85 Fed. Reg. at 79190

---

    [1] Under the PREP Act, covered countermeasures include: (1) a qualified "pandemic or epidemic product"; (2) a "security countermeasure"; (3) a drug, biological product, or device that the United States Food and Drug Administration ("FDA") has authorized for emergency use; and (4) a "respiratory protective device" that is approved by the National Institute for Occupational Safety and Health ("NIOSH"). 42 U.S.C. § 247d-6d(i)(1).

    [2] To date, the HHS Secretary has issued eight amendments to the Declaration. *See* First Amendment, 85 Fed. Reg. 21012 (Apr. 15, 2020); Second Amendment, 85 Fed. Reg. 35100 (June 8, 2020); Third Amendment, 85 Fed. Reg. 52136 (Aug. 24, 2020); Fourth Amendment, 85 Fed.

(Dec. 9, 2020).  In the Fourth Amendment, the HHS Secretary defined the "administration" of a covered countermeasure as follows:

> Administration of the Covered Countermeasure means physical provision of the countermeasures to recipients, or activities and decisions directly relating to public and private delivery, distribution and dispensing of the countermeasures to recipients, management and operation of countermeasure programs, or management and operation of locations for the purpose of distributing and dispensing countermeasures.
>
> Where there are limited Covered Countermeasures, not administering a Covered Countermeasure to one individual in order to administer it to another individual can constitute "relating to . . . the administration to . . . an individual" under 42 U.S.C. 247d-6d.  For example, consider a situation where there is only one dose . . . of a COVID-19 vaccine, and a person in a vulnerable population and a person in a less vulnerable population both request it from a healthcare professional.  In that situation, the healthcare professional administers the one dose to the person who is more vulnerable to COVID-19.  In that circumstance, the failure to administer the COVID-19 vaccine to the person in a less-vulnerable population "relat[es] to . . . the administration to" the person in a vulnerable population.  The person in the vulnerable population was able to receive the vaccine only because it was not administered to the person in the less-vulnerable population.  Prioritization or purposeful allocation of a Covered Countermeasure, particularly if done in accordance with a public health authority's directive, can fall within the PREP Act and this Declaration's liability protections.

85 Fed. Reg. at 79197.  In the Fourth Amendment, the HHS Secretary also: (1) opined that "[t]here are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of *Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g.*, 545 U.S. 308 (2005), in having a uniform interpretation of the PREP Act;"  and (2) clarified that the Declaration "must be construed in accordance with the Department of Health and Human Services (HHS) Office of the General Counsel (OGC) Advisory Opinions on the Public Readiness and Emergency Preparedness Act and the Declaration (Advisory Opinions)" and expressly incorporated the Advisory Opinions for that purpose. 85 Fed. Reg. at 79191, 79197.

On January 8, 2021, HHS's Office of the General Counsel ("OGC") issued an Advisory Opinion, which opines that the PREP Act "is a 'complete preemption' statute" because it establishes "a federal cause of action, administrative or judicial, as the only viable claim."  Exhibit HH (Docket No. 38-34).  The January 8, 2021 Advisory Opinion also opines that "the Fourth Amendment to the Secretary's Declaration supports the *Grable* doctrine."  *Id.*  The Advisory Opinion, however, cautions that "[i]t is not a final agency action or a final order.  It does not have the force or effect of law."  *Id.*

---

Reg. 79190 (Dec. 9, 2020); Fifth Amendment, 86 Fed. Reg. 7872 (Feb. 2, 2021); Sixth Amendment, 86 Fed. Reg. 9516 (Feb. 16, 2021); Seventh Amendment, 86 Fed. Reg. 14462 (Mar. 16, 2021); Eighth Amendment 86 Fed. Reg. 41977 (Aug. 4, 2021).

## II. LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III. DISCUSSION

The Court concludes that Defendants have failed to establish that this action was properly removed under any of their three theories of removal jurisdiction.

### A. Complete Preemption

In their first theory, Defendants argue that this action was properly removed based on federal question jurisdiction because Plaintiffs' state law claims are completely preempted by the PREP Act. The Court rejects this argument.

#### 1. Legal Standard for Complete Preemption

"Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). The "well-pleaded complaint rule,' provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2003) (*quoting Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id.* (*quoting Gully v. First Nat. Bank*, 299 U.S. 109, 113 (1936) (holding that the federal controversy cannot be "merely a possible or conjectural one")). "Thus the rule enables the plaintiff, as 'master of the complaint,' to 'choose to have the cause heard in state court' 'by eschewing claims based on federal law.'" *Id.* (*quoting Caterpillar*, 482 U.S. at 399). As the Supreme Court stated in *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987):

> Ordinarily federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint . . . . [I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

482 U.S. at 392-93.

Complete preemption is an exception to the well-pleaded complaint rule. "[T]he complete preemption doctrine, provides that 'Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243–44 (9th Cir. 2009) (*citing Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) (*quoting Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)). If complete preemption applies, "the state-law claim is simply 'recharacterized' as the federal claim that Congress made exclusive." *Hansen*, 902 F.3d at 1058 (*quoting Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009)). "[W]hen a federal statute wholly displaces the state-law cause of action through complete preemption," the state claim can be removed. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

Complete preemption is extremely "rare." *Hansen,* 902 F.3d at 1057. The Supreme Court has found complete preemption applicable to an extremely limited number of federal statutes. *See City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020) (noting that the Supreme Court has only determined that complete preemption applies to three statutes -- § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, § 502(a) of the Employee Retirement Income Security Act of 1974, and §§ 85 and 86 of the National Bank Act). While discussing the limited nature of the doctrine, the Ninth Circuit held that "complete preemption for purposes of federal jurisdiction under Section 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *City of Oakland,* 969 F.3d at 906 (*citing Hansen*, 902 F.3d at 1057).

    **2.  Complete Preemption Does Not Apply**.

The Court concludes that the PREP Act does not satisfy the Ninth Circuit's two pronged complete preemption test. *City of Oakland*, 969 F.3d at 905. "Although this exact issue does not appear to have been considered by an appellate court, district courts in the Ninth Circuit and around the country have consistently held that the PREP Act does not satisfy these requirements for complete preemption." *Riggs v. Country Manor La Mesa Healthcare Ctr.*, 2021 WL 2103017, at *2 (S.D. Cal. May 25, 2021). *See also Padilla v. Brookfield Healthcare Ctr.,* 2021 WL 1549689, at *4 (C.D. Cal. Apr. 19, 2021) ("Nearly every other federal court addressing the issue of complete preemption has found that the PREP Act is not a statute with complete preemptive effect."). The doctrine of complete preemption applies in very limited circumstances; this is not the "rare" statute where complete preemption applies. *Hansen*, 902 F.3d at 1057.

First, the PREP Act does not completely replace state law claims related to COVID-19. For example, as many courts have held, the PREP Act does not prevent plaintiffs from bringing state law claims based on an alleged failure to use covered countermeasures. *See, e.g., Estate of Maglioli v. Andover Subacute Rehab. Ctr. I*, 2020 WL 4671091, at *1, *9 (D.N.J. Aug. 12, 2020) (holding that the failure to "observe a wide range of appropriate safety precautions" "would not be preempted by the PREP Act, which is designed to protect those who employ countermeasures, not those who decline to employ them"); *Jackson v. Big Blue Healthcare, Inc.*, 2020 WL 4815099, at *8 (D. Kan. Aug. 19, 2020) (holding the PREP Act does not apply to "the non-administration or non-use of covered countermeasures" and concluding that the PREP Act did not apply to plaintiff's claims because "[d]efendants fail[ed] to point to any claim in the complaint where Plaintiff alleges that the administration or use of any of these things [covered countermeasures] caused the decedent's death"); *Estate of Jones v. St. Jude Operating Co., LLC*, 2021 WL 900672, at *4-6 (D.

Or. Feb. 16, 2021), *report and recommendation adopted by* 2021 WL 886217 (D. Or. Mar. 8, 2021) (concluding that the doctrine of complete preemption does not apply, and citing numerous cases in support thereof). These cases plainly hold that the PREP Act does not "wholly displace" state law claims that implicate healthcare entities and COVID-19. *Parker v. St. Jude Operating Co., LLC*, 2020 WL 8362407, at *5 (D. Or. Dec. 28, 2020)*; Beneficial Nat'l Bank*, 539 U.S. at 8.

Second, the PREP Act does not provide a substitute cause of action for Plaintiffs' claims based on Defendants' alleged negligence. "Instead, when applicable, the PREP Act provides immunity to defendants on state law negligence claims." *Parker*, 2020 WL 8362407, at *5 . *See also Dupervil v. Alliance Health Operations, LLC*, __ F. Supp. 3d __, 2021 WL 355137, at *9 (E.D.N.Y. Feb. 2, 2021) ("[I]t is important to note that the PREP Act is, at its core, an immunity statute; it does not create rights, duties, or obligations."). As the district court in *Estate of McCalebb v. AG Lynwood, LLC,* 2021 WL 911951 (C.D. Cal. Mar. 1, 2021) recently stated:

> Other than for willful misconduct, Congress provided no federal remedy that could be pursued through a federal cause of action. Instead, Congress established an emergency fund to provide adequate compensation to eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure. The HHS Secretary is responsible for establishing procedures to administer this compensation program. The Secretary's determination of eligibility and compensation under the program is final and not subject to judicial review.
>
> In this case, Plaintiffs have brought negligence claims. If their negligence claims were preempted, then Plaintiffs would have to look to the Secretary's compensation program for relief. Under Ninth Circuit law, such administrative relief is not the type of displacement remedy that triggers complete preemption. For purposes of complete preemption, the displacement remedy must supply a federal cause of action. An administrative remedy will not suffice because the complete-preemption doctrine rests on the theory that any state claim within its reach is transformed into federal claims. This transformation is the source of original federal jurisdiction by supplying a federal cause of action.
>
> The PREP Act does not create original federal jurisdiction over a covered claim for negligence or recklessness. On the contrary, Congress precluded it by vesting exclusive jurisdiction in the HHS Secretary. In this circumstance, allowing removal to federal court on complete-preemption grounds is internally inconsistent: the district court must have jurisdiction for removal to be proper, but the court must then dismiss the removed case because only the administrative agency, not federal courts, have primary jurisdiction. Thus, the PREP Act does not completely preempt such covered claims.

2021 WL 911951, at * 4 (internal quotations, citations, footnotes, and alterations omitted).[3]

---

[3]Moreover, to the extent Plaintiffs' claims are based on willful misconduct (and assuming any of those claims actually fall within the scope of the PREP Act), the Court would, in any event, be barred from exercising jurisdiction over those claims because such an action shall be filed and

Finally, to the extent that Defendant relies on the Office of General Counsel's January 8, 2021 Advisory Opinion and the HHS Secretary's Fourth Amendment to the March 10, 2020 Declaration in support of its complete preemption argument, the Court agrees with and adopts the analysis of *Dupervil v. Alliance Health Operations, LCC*, __ F. Supp. 3d __, 2021 WL 355137, at *10 (E.D.N.Y. Feb. 2, 2021), *Estate of Jones v. St. Jude Operating Company, LLC*, 2021 WL 900672, at *6-7 (D. Or. Feb. 16, 2021), *report and recommendation adopted by* 2021 WL 886217 (D. Or. Mar. 8, 2021), and *Evon Smith v. Colonial Care Center, Inc.*, 2021 WL 1087284, at *6 (C.D. Cal. Mar. 19, 2021). Accordingly, the Court concludes that HHS Secretary's and the OGC's interpretations of this Court's jurisdiction under the PREP Act are not entitled to deference and lack the "power to persuade."

Accordingly, the Court concludes that Plaintiffs' claims are not completely preempted by the PREP Act.

**B.     Embedded Question of Federal Law**

In its second theory of subject matter jurisdiction, Defendants argue that there is embedded federal question jurisdiction over Plaintiffs' claims, citing *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). In order to establish federal jurisdiction due to a "substantial, embedded question of federal law," a "state law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). In other words, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). In addition, "it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue, as *Grable* separately requires. The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. "[T]he mere use of a federal statute as a predicate for a state law cause of action does not necessarily transform that cause of action into a federal claim." *Nevada v. Bank of America Corp.*, 672 F.3d 661, 675 (9th Cir. 2012). Nor does "the question whether a particular claim arises under federal law depend . . . on the novelty of the federal issue." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 817 (1986)).

The Court concludes that Plaintiffs' claims do not present an embedded question under *Grable*. The federal issue raised relates to Defendant's *defense*, not the claims alleged by Plaintiffs. As such, the federal issue is not necessarily raised. *See, e.g., Robertson v. Big Blue Healthcare, Inc.*, 2021 WL 764566, at * (D. Kan. Feb. 26, 2020) ("To be certain, Defendants intend to assert the PREP Act as a <u>defense</u> to Plaintiff's claim. But that is not enough."); *Dupervil*, 2021 WL 355137, at *14 ("But this only shows that Defendants may have an affirmative defense to Plaintiff's claims, not that Plaintiff's claims are affirmatively premised on, or on their face

---

maintained only in the United States District Court for the District of Columbia. *See* 42 U.S.C. § 247d-6d(e)(1).

necessarily require resolution of, the PREP Act.").

To the extent Defendants rely on the Office of General Counsel's January 8, 2021 Advisory Opinion and the HHS Secretary's Fourth Amendment to the March 10, 2020 Declaration in support of its *Grable* doctrine argument, the Court agrees with and adopts the analysis of *Dupervil*, 2021 WL 355137, at *14 and *Estate of Jones*, 2021 WL 900672, at *6-7, and concludes that the HHS Secretary's and the OGC's interpretations of this Court's jurisdiction under the PREP Act are not entitled to deference and lack the "power to persuade."
.
Accordingly, the Court concludes that it does not have subject matter jurisdiction based on embedded federal question grounds.

### C. Federal Officer Removal

Finally, in its third theory, Defendants argue that federal officer removal is available because it was "acting under" the direction of a federal officer. Specifically, Defendants argue that federal officer removal is available because the Facility was deemed "critical infrastructure" and they were acting at the specific direction of federal authorities including the Centers for Disease Control and various other agencies to help achieve the federal government's efforts to contain the COVID-19 pandemic.

Federal officer removal is available under 28 U.S.C. § 1442(a) if "(a) [the removing party] is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018). In this case, Defendants have failed to establish they acted "pursuant to a federal officer's directions." Specifically, the directives that Defendants rely on are nothing more than "general regulations and public directives regarding the provision of medical services." *Martin v. Serrano Post Acute LLC*, 2020 WL 5422949 (C.D. Cal. Sept. 10, 2020) (quoting *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153 (2007)); *see also Saldana v. Glenhaven Healthcare LLC*, 2020 WL 6713995 (C.D. Cal. Oct. 14, 2020) (holding that where the defendants argued that "in taking steps to prevent the spread of COVID-19, [they] did so in compliance with CDC and CMS directives, which were aimed at helping achieve the federal government's efforts at stopping or limiting the spread of COVID-19," such general regulations and public directives were "insufficient" to confer jurisdiction under the federal officer removal statute). In addition, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official . . . even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Martin*, 2020 WL 5422949 (quoting *Watson*, 551 U.S. 142, 153). And, the mere designation of the Facility as "critical infrastructure," is insufficient, without more, to demonstrate that Defendants' actions, as alleged in the Complaint, were taken pursuant to a federal officer's directions.

Accordingly, the Court concludes that Defendants have failed to demonstrate that removal

was proper under the federal officer removal statute.[4]  *See* 28 U.S.C. § 1442(a)(1).

## IV.     CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion for Remand is **GRANTED,** and this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  "To be clear, the Court makes no decision as to whether Plaintiffs' claims are barred by the PREP Act under principles of ordinary defensive preemption, or otherwise. That issue is for the state court to decide."  *Dupervil*, 2021 WL 355137, at *13.


IT IS SO ORDERED.

---

[4]Because the Court concludes that Defendants have failed to demonstrate that Defendants acted "pursuant to a federal officer's directions," the Court need not address the remaining requirements for removal under 28 U.S.C. § 1442(a).